IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**TAYLOR SHEET METAL, INC.,**     3:17-CV-00753-SB

       **Plaintiff,**     ORDER

v.

**INTERNATIONAL ASSOCIATION OF
SHEET METAL, AIR, AND
TRANSPORTATION WORKERS UNION,
LOCAL NO. 16,**

       **Defendant.**

**BROWN, Judge.**

    Magistrate Judge Stacie F. Beckerman issued Findings and Recommendation (#27) on October 2, 2017, in which she recommends the Court grant the Motion (#11) for Summary Judgment filed by Plaintiff Taylor Sheet Metal, Inc., and deny the Motion (#20) for Judgment on the Pleadings filed by Defendant International Association of Sheet Metal, Air, and Transportation Workers Union, Local No. 16. Defendant filed timely Objections to the Findings and Recommendation. The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil

1 - ORDER

Procedure 72(b).

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1). *See also Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

## BACKGROUND

The following facts are taken from the Magistrate Judge's Findings and Recommendation and accepted as undisputed unless otherwise indicated.

On January 7, 2014, Plaintiff executed a Collective Bargaining Agreement with Defendant pursuant to 29 U.S.C. § 158(f)(referred to as a "prehire" agreement). The Agreement expired on June 30, 2016, but renewed automatically each year. Either party could renegotiate the Agreement's terms by providing written notice up to 90 days before the Agreement expired. If negotiations became deadlocked, the parties agreed to submit the matter to binding arbitration before the National Joint Adjustment Board (NJAB).

On March 9, 2016, Defendant notified Plaintiff that it was reopening the Agreement for negotiation.

On January 12, 2017, Defendant declared the negotiations

were at an impasse, which triggered the Agreement's arbitration provision. Plaintiff objected to the arbitration proceeding. An arbitration panel was appointed over Plaintiff's objection.

On January 23, 2017, Plaintiff informed Defendant by letter that it intended to withdraw from the Union.

On March 10, 2017, Plaintiff raised objections to the NJAB's jurisdiction to arbitrate the matter, including an objection that the Agreement entered into pursuant to 29 U.S.C. § 158(f) was subject to repudiation and that Plaintiff, in fact, repudiated the Agreement. Plaintiff also filed a grievance with the National Labor Relations Board (NLRB) alleging Defendant failed to bargain in good faith in violation of 19 U.S.C. § 158(b)(3).

On April 12, 2017, the NLRB dismissed Plaintiff's grievance on the ground that the parties did not have a statutory duty to bargain because Plaintiff employed too few employees.

On April 18, 2017, the arbitration panel convened. Although someone appeared on behalf of Plaintiff, the record does not reflect Plaintiff actually participated in the arbitration hearing.

On April 24, 2017, the arbitration panel issued a written decision. The panel stated Plaintiff raised several objections to the proceeding in writing to the NJAB and "[t]hose objections were considered, but it was determined that all procedural and jurisdictional requirements had been met." The arbitration panel

3 - ORDER

directed the parties to execute a four-year agreement with specified terms.

On May 12, 2017, Plaintiff filed a Petition (#1) to Vacate Arbitration Award in this Court. On July 11, 2017, Plaintiff filed a Motion (#11) for Summary Judgment. On August 4, 2017, Defendant filed a Motion (#20) for Judgment on the Pleadings.

As noted, on October 2, 2017, the Magistrate Judge filed Findings and Recommendations (#27). On October 16, 2017, Defendant filed timely Objections (#29). On October 20, 2017, Plaintiff filed its Response (#30) to Defendant's Objections.

## **DISCUSSION**

Defendant objects to the Magistrate Judge's findings on the grounds that "Plaintiff lawfully repudiated the Agreement pursuant to the one employee rule"; the repudiation deprived the arbitration panel of jurisdiction; and the arbitration panel's decision, therefore, was invalid on the ground that it was outside of the panel's authority. Defendant also contends the validity of Plaintiff's repudiation of the Agreement should have been resolved by the arbitration panel rather than the Court.

In response Plaintiff contends whether Plaintiff repudiated the Agreement is an issue for the Court to determine, and the Magistrate Judge properly found Plaintiff had repudiated the Agreement.

## I. The Court properly determined the issue of repudiation of the Agreement.

As noted, Plaintiff made a "prehire" agreement with Defendant. A prehire agreement is a contract between a union and an employer that is usually signed in advance of hiring employees and, therefore, in advance of any showing of Union majority support. *American Metal Prod., Inc. v. Sheet Metal Int'l. Assoc., Local Union No. 104,* 794 F.2d 1452, 1455 (9th Cir. 1986). A prehire agreement is voidable by either party until the union establishes it represents a majority of the employees and an appropriate unit. *Id.* at 1456. When an employer has only one employee who qualifies for union representation, a majority vote cannot be taken, and, therefore, the employer may repudiate the agreement at any time. 29 U.S.C. §§ 152(2), 157, and 159. *See also Laborers Health & Welfare Trust Fund v. Westlak Dev.*, 57 F.3d 979, 983 (9th Cir. 1995). "[A] construction industry employer who employs a single employee pursuant to a Section 8(f) pre-hire agreement is entitled to repudiate the agreement by conduct sufficient to put the union and the employee on notice that the agreement has been terminated." *Operating Eng'rs Pension Trust v. Beck Eng'g & Surveying Co.*, 746 F.2d 557, 566 (9th Cir. 1984).

In *Ion Construction Co. v. District Counsel of Painters No. 16* the Ninth Circuit held: "[A]s between the court and an arbitrator, it is the former that should determine the

5 - ORDER

effectiveness of an employer's alleged repudiation of a prehire agreement." 803 F.2d 1050, 1051 (9th Cir. 1986). When granting the employer's petition to vacate an arbitration, the court stated:

> We believe *Griffith Construction v. United Brotherhood of Carpenters & Joiners*, 785 F.2d 706 (9th Cir. 1986), is controlling precedent in this case. In *Griffith Construction* our court expressly adopted the rule of decision applied by the district court in the instant case, 593 F. Supp. at 236, that, as between the court and an arbitrator, it is the former that should determine the effectiveness of an employer's alleged repudiation of a prehire agreement.

803 F.2d at 1051 (citations omitted).

Based on *Ion Construction*, this Court concludes it was proper for the Magistrate Judge to make a recommended finding as to whether Plaintiff repudiated the Agreement and for this Court to review that issue.

Accordingly, this Court has done so and has also carefully considered Defendant's Objections. The Court concludes Defendant's Objections do not provide a basis to modify the Findings and Recommendation. The Court also has reviewed the pertinent portions of the record *de novo* and does not find any error in the Magistrate Judge's Findings and Recommendation.

## **CONCLUSION**

The Court **ADOPTS** Magistrate Judge Beckerman's Findings and

6 - ORDER

Recommendation (#27).  Accordingly, the Court **GRANTS** the Motion (#11) for Summary Judgment filed by Plaintiff Taylor Sheet Metal, Inc., and **DENIES** the Motion (#20) for Judgment on the Pleadings filed by Defendant International Association of Sheet Metal, Air, and Transportation Workers Union, Local No. 16.  The Court, therefore, **VACATES** the arbitration award issued April 24, 2017.

The Court **DIRECTS** the parties to confer and to submit **no later than December 15, 2017**, a form of Judgment for entry by this Court.

IT IS SO ORDERED.

DATED this 7th day of December, 2017.

/s/ Anna J. Brown

ANNA J. BROWN
United States Senior District Judge